**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FREDERICK MARTIN,**

**Petitioner,**

**vs.**

**CIVIL ACTION**
**No. 87-3273-SAC**

**RAYMOND ROBERTS,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter comes before the court on petitioner's motion to recall the mandate (Doc. 102) and his motion for leave to add supplemental pleadings to that motion (Doc. 103).

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. The petition was denied on January 8, 1991. The decision was affirmed on appeal on July 13, 1992, and the United States Supreme Court denied certiorari later that year.

In 2003, petitioner filed a motion for clarification, which the court denied. Thereafter, he filed a series of motions and a second notice of appeal. In June 2005, the United States Court of Appeals denied his motion for authorization to file a successive application under § 2254.

In November 2005, petitioner was ordered to obtain leave of the court before filing additional pleadings in this action. In 2007, he filed a notice of his intent to file a motion for relief from judgment, a motion for relief from judgment, and a motion to appoint counsel. The court denied these motions, reminded petitioner that he must seek leave of the court before filing any additional pleadings, and advised him that he must strictly comply with the directions set forth.

Petitioner then filed a motion for leave to submit additional filings, which the court denied. Petitioner next filed a motion for findings of fact and conclusions of law, which the court denied.

Petitioner filed a notice of appeal, and, in August 2008, the U.S. Court of Appeals entered two appeal mandates dismissing the appeal.

In May 2011, petitioner filed the present motion to recall the mandate, and in August 2011, he filed a motion for leave to add supplemental pleadings to that motion. Despite petitioner’s failure to comply with the order of this court requiring him to seek leave of this court before filing any additional pleadings in this matter, the court has examined them and finds the motion to recall the mandate asks the court “to recall the judg[]ment entered on January 8, 1001, and grant him an evidentiary

hearing" so that he may challenge the court's ruling on his claim of double jeopardy (Doc. 102, p. 1.)

Based upon the relief petitioner seeks, the court concludes his motion should be liberally construed as a motion for relief from judgment filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Such a motion, however, is viewed as a second or successive application for habeas corpus where it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1214 (10th Cir. 2006). Here, because petitioner again challenges his convictions of both felony murder and aggravated kidnapping on double jeopardy grounds, the court concludes he is presenting a successive application for habeas corpus relief.

Because such a successive application must be authorized by the appropriate court of appeals, *see* 28 U.S.C. § 2244(b)(3), the court will direct the clerk of the court to transfer the present motions to the United States Court of Appeals for the Tenth Circuit.

IT IS, THEREFORE, BY THE COURT ORDERED the pending motion to recall the mandate is liberally construed as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and, in turn, as a successive application for habeas corpus.

IT IS FURTHER ORDERED the clerk of the court shall transfer the motion (Doc. 102) and the motion to file supplemental pleadings (Doc. 103) to the U.S. Court of Appeals for the Tenth Circuit for authorization pursuant to 28 U.S.C. § 2244(b)(3).

Copies of this order shall be transmitted to the parties and to the Clerk of the U.S. Court of Appeals.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 31st day of August, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge