IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERICK MARTIN,

    Petitioner,

    v.                           CASE NO. 87-3273-SAC

RAYMOND ROBERTS,

    Respondent.

**O R D E R**

This case has been closed for over 2 decades, yet is once more before this court because petitioner has again filed post-judgment motions herein. Having considered these motions, the court summarily denies them because they do not comply with filing restrictions previously imposed in this case. In addition, the court finds it necessary to prohibit Mr. Martin from filing any additional pleadings or motions in this case due to his failure to abide by the existing restrictions and his continued filing of repetitive, improper and abusive motions in this case.

In 1986, Mr. Martin was convicted of state crimes including first degree murder and aggravated kidnaping. Sentences were imposed that included two consecutive life terms. In 1987 he filed the instant action, which was his first petition for federal habeas corpus review pursuant to 28 U.S.C. § 2254. The

1

petition was considered on the merits and denied in 1991.[1] Petitioner appealed with appointed counsel, and in 1992 the United States Court of Appeals for the Tenth Circuit affirmed. The United States Supreme Court denied petitioner's application for a writ of certiorari later that year. In the ordinary course of habeas review, this should have been the end of petitioner's challenges in federal court to his 1986 state convictions and sentences.

However, since that time, Mr. Martin has filed other habeas petitions in this court as well as generated more than 30 additional docket entries in this closed case by filing post-judgment motions in various forms, none of which has been fruitful. On appeal of one of his post-judgment motions in this case, the Tenth Circuit denied him authorization to file a successive petition and, noting his repeated filings in that court, directed him to show cause why sanctions should not be imposed (Doc. 86). In August 2005, the Tenth Circuit imposed a sanction upon Mr. Martin of $250.00 and ordered that no further filings be accepted from him until that sanction is paid. Subsequent appeals filed by him have been dismissed on account of his failure to pay this sanction.

On November 22, 2005, this court imposed filing restrictions upon Mr. Martin by ordering that he file no more

---

[1] *See Martin v. Roberts*, 1991 WL 3134 (D.Kan. Jan. 8, 1991), *aff'd* 968 F.2d 212 (10th Cir. 1991), *cert. denied*, 506 U.S. 992 (1992).

pleadings in this case unless he first obtained leave of court. Nevertheless, Mr. Martin filed more motions, which were considered and dismissed in September 2007 (Doc. 91) for failure to obtain preauthorization from the Tenth Circuit. In that order, the court reiterated that Mr. Martin was to file no more pleadings in this case without leave of court and added specific directions that in order to seek such leave, he must present a motion captioned "Motion for Leave of Court to Submit Additional Filings" in which he demonstrated good cause for the filing and attach a copy of the court's September 28, 2007, order to the motion. He was warned that his failure to strictly comply with these directions could result in summary dismissal of future pleadings. These restrictions have been ineffective, as Mr. Martin continues to file motions in this long-closed and thoroughly-appealed case that are not in strict compliance with this court's directions.[2]

This matter is currently before the court upon Mr. Martin's Motion for Leave to Amend his original pleadings (Doc. 107) with "suggestions" to "clarify or amplify the facts already presented" in support of his double jeopardy violation claim,

---

[2] These motions have been nothing more than attempts to continue to challenge his 1986 convictions. He has been repeatedly informed that he may not challenge his state convictions by post-judgment motion and that instead, in order to raise a successive challenge to his state convictions he must first obtain authorization from the Tenth Circuit Court of Appeals to file a successive habeas petition.

and Motion to Appoint Counsel (Doc. 108). Neither of these motions complies with the filing restrictions previously imposed in this case. In accord with its prior orders, the court summarily denies these motions for this reason.[3]

In addition, because Mr. Martin has continued to file repetitive, abusive motions and utterly failed to comply with the existing restrictions in this case, the court orders that he is prohibited from filing any further motions or pleadings in this case. This prohibition will automatically go into effect fifteen (15) days after entry of this Order, unless within that time period Mr. Martin files an "Objection" that plainly alleges facts and legal authority sufficient to invalidate this restriction. This Objection must be limited to three pages, and is the only document that may be filed by Mr. Martin herein.

In the future, any allegation that is a challenge to Mr. Martin's 1986 convictions or sentences may only be raised by his submission of a new, complete application for writ of habeas

---

[3] If this were a mere motion to amend rather than another successive attempt to obtain habeas review, it would still be denied. Once judgment has been entered in a case, as it was here long ago, the filing of an amended complaint or petition is not permissible until that judgment has been set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b). *See U.S. v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005). Even though Rule 15(a)(2) provides that the "court should freely give leave [to amend] when justice so requires," the Rule's "presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *Id*. (citations omitted). Petitioner has not had the judgment in this case set aside. The court does not liberally construe this motion as one under Rule 60(b) for reasons including that it has so construed several of Mr. Martin's prior post-judgment motions and then held that those motions were not true Rule 60(b) motions. The instant motion to amend is likewise not a true 60(b) motion.

corpus filed pursuant to 28 U.S.C. § 2254 that is presented upon court-approved forms. The new petition must be accompanied by the filing fee of $5.00 or a properly-supported motion to proceed in forma pauperis that is also upon court-approved forms. Furthermore, in accord with 28 U.S.C. § 2244(b)(3), before a new § 2254 petition may be filed by Mr. Martin in this court, he must have sought and obtained preauthorization to file a successive habeas application from the Tenth Circuit Court of Appeals. If he fails to obtain such preauthorization, this court is without jurisdiction to consider his successive application, and the matter must be dismissed. Mr. Martin will no longer be allowed to avoid the statutory prerequisites for filing second and successive claims, the statutory filing fee, the statutory time limitation, and the local court rule requiring use of forms by simply submitting repetitive, improper motions in this long-closed case.

Because Mr. Martin was not notified of the filing prohibition imposed in this case before he submitted his two pending motions, the clerk was directed to open a new § 2254 case with a copy of his Motion for Appointment of Counsel docketed as the initial pleading. *See Martin v. Roberts*, Case No. 13-3155-SAC (D.Kan.). A separate, appropriate order will be entered in that case.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Amend

(Doc. 107) and Motion to Appoint Counsel (Doc. 108) filed herein are summarily denied for failure to comply with filing restrictions.

**IT IS FURTHER ORDERED** that petitioner is prohibited from filing any pleadings or motions in this case; and that this prohibition will take effect fifteen (15) days from entry of this order unless petitioner files a valid objection within that time period.

The clerk is directed to flag this case fifteen days from the date of this Order to show that Mr. Martin is prohibited from filing any additional motions or pleadings herein. The clerk is further directed to immediately return any papers submitted by Mr. Martin for filing in this flagged case with the notation that his papers are returned because he has been prohibited by the court from filing papers in this case.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2013, at Topeka, Kansas.

                                      <u>s/Sam A. Crow</u>
                                      **U. S. Senior District Judge**